[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 482.]

AMERICAN NATIONAL BANK ET AL., APPELLEES, *v.* TOUCHE ROSS &

COMPANY; ARTHUR YOUNG & COMPANY, APPELLANT.

[Cite as *Am. Natl. Bank v. Touche Ross & Co.*, 1996-Ohio-192.]

*Torts—Negligence—Comparative negligence law applicable to cases involving accountant negligence.*

(No. 94-2178—Submitted September 12, 1995—Decided February 7, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 65836 and 65837.

———————————

{¶ 1} Kathleen Evans embezzled over $3,200,000 from her employer, American National Bank ("ANB"), between 1981 and 1988. ANB's auditors during this period were Touche Ross & Co ("Touche Ross") (1980-1984) and Arthur Young & Company ("Arthur Young") (1985-1987). As ANB's auditors, Touche Ross and Arthur Young audited ANB's books and records and reviewed the financial statements that were otherwise compiled and prepared by bank management. Arthur Young also prepared a "management letter", designed to alert ANB's management to any accounting or control problems. In these letters, Arthur Young stated that it perceived no weaknesses in ANB's internal control system.

{¶ 2} The embezzlements were discovered in June 1988. Evans and her husband, Edward, returned $1,200,000 of the embezzled funds and entered into a consent judgment with ANB to repay the other $2,000,000. ANB agreed not to garnish the wages of the Evanses or to execute on the consent judgment unless the Evanses accumulated assets in excess of $10,000.

{¶ 3} ANB hired Laventhol & Horwath to review the work of Arthur Young and Howard, Wershbale & Co. to review the work of Touche Ross. These reviewing auditors determined that Touche Ross and Arthur Young had been negligent in failing to detect the embezzlements and in failing to warn ANB of the

inadequacy of its internal controls. On April 4, 1989, ANB filed this suit against Touche Ross and Arthur Young alleging negligence. On May 19, 1989, H.R. Kopf and nine other ANB stockholders (collectively "Kopf") filed suit in negligence against Arthur Young claiming that they had purchased ANB stock (in 1988) at least partially in reliance on Arthur Young's representations as to the integrity of ANB's internal controls. (Kopf and the other investors had invested in aggregate over $2,000,000.) These two cases have been consolidated. Touche Ross settled with ANB after which ANB dismissed with prejudice its claims against Touche Ross. Touche Ross is no longer a party to this suit.

{¶ 4} Prior to trial, on February 19, 1993, ANB filed a motion *in limine* seeking to prevent Arthur Young from presenting evidence that ANB was negligent in failing to detect the embezzlements. it appears from the record that Arthur Young intended to show that Evans' personal checking account with ANB was overdrawn ninety-seven times and that ANB honored the overdraft on each occasion despite a policy to the contrary. In addition, Evans never took two consecutive weeks of vacation even though bank policy required all employees to take two consecutive weeks of vacation. These policies were specifically designed to ferret out and prevent fraud and embezzlement. Further, Arthur Young intended to show that the management of ANB was aware that among other things Evans owned a $600,000 house and drove a Maserati. Arthur Young intended to show that such knowledge should have put the management of ANB on notice that Evans was living a lifestyle considerably beyond the means of her annual salary ($21,000 in 1987). Arthur Young contends that these acts of negligence by ANB exacerbated the losses suffered by ANB and ought therefore to be considered by the trier of fact in apportioning fault and assessing damages. The trial judge granted the motion *in limine* stating in part that "[e]vidence of the Bank's own failure to detect the embezzlements [and] other conduct will be admitted as to the issue of proximate cause only."

**{¶ 5}** Arthur Young moved for summary judgment claiming that the settlement of the suit against the Evanses extinguished ANB's claim against Arthur Young and Kopf's claim belonged to the bank and could not be pursued separately. The trial court granted summary judgment as to ANB and Kopf. On August 18, 1994, the Court of Appeals for Cuyahoga County held that the trial court did not err in granting the motion *in limine* and reversed both grants of summary judgment. The only issue appealed to this court is whether the motion *in limine* was properly allowed.

**{¶ 6}** The cause is now before this court pursuant to the allowance of a discretionary appeal.

————————————

*Ernst & Young LLP, Kathryn A. Oberly*, General Counsel, and *Thomas L. Riesenberg, pro hac vice*, Assistant General Counsel, for appellant.

*Ulmer & Berne*, *Marvin L. Karp* and *Richard G. Witkowski*, for appellees.

*Blaugrund, Sweeney, Gabel, Herbert & Mesirow, Steven A. Martin* and *Christopher B. McNeil*, urging affirmance for *amicus curiae*, Ohio Society of Certified Public Accountants.

————————————

***Per Curiam.***

**{¶ 7}** In *Scioto Mem. Hosp. Assn., Inc. v. Price Waterhouse* (1996), 74 Ohio St.3d 474, 659 N.E.2d 1268, syllabus, decided today, we held that comparative negligence applies to cases involving accountant negligence. In so doing, we rejected the *National Surety* rule (which in point of fact we had never actually espoused). The rule of *National Surety* bars the presentation of evidence of a client's negligence, by an accountant defendant, unless the client's negligence contributed to the accountant's negligent audit or interfered with the accountant's audit. See *Natl. Sur. Corp. v. Lybrand*, (1939), 256 A.D. 226, 235-236, 9 N.Y.S.2d 554, 563.

{¶ 8} American National Bank ("ANB") filed suit against Touche Ross & Company and Arthur Young & Company alleging negligence as stated above. Prior to trial, ANB fled a motion *in limine* to prevent Arthur Young from introducing evidence that might tend to show negligence by the management of ANB. The trial court granted this motion. Given our holding *in Scioto Memorail Hospital*, the trial court's action was error. We therefore reverse the decision of the court of appeals affirming the decision of the trial court with respect to the motion in limine, and remand this matter to the trial court for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS AND COOK, JJ., dissent.

———————————

**COOK, J., dissenting.**

{¶ 9} The parties have appealed a preliminary ruling of the trial court, the ruling on a motion <u>in limine</u>. Such is not a final appealable order and, therefore, is not a subject for review on appeal. This appeal should be dismissed as having been improvidently allowed.

DOUGLAS, J., concurs in the foregoing dissenting opinion.

———————————